UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHRING REGIONAL CENTER LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHAD WOLF, et al.,<br><br>Defendants. | Case No. 20-cv-09263-JSC<br><br>**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION; MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 10, 18 |

Behring Regional Center, LLC, a California-based Regional Center that sponsors capital investment projects using funds from foreign investors who are EB-5 Immigrant Investor Program applicants brings this Administrative Procedures Act ("APA") action against Defendants. Plaintiff contends that the Department of Homeland Security (DHS) violated the APA when it issued a final rule amending its regulations for the EB-5 Program in November 21, 2019. Plaintiff has moved for a preliminary injunction and Defendants have moved to transfer this action to the U.S. District Court for the District of Columbia.[1] (Dkt. Nos. 10, 18.[2]) Having considered the parties' briefs and having the benefit of oral argument on March 25, 2021, the Court DENIES the motion to transfer, converts the motion for preliminary injunction on the appointments issue to a motion for summary judgment, and holds the rest of the preliminary injunction motion in abeyance pending resolution of the converted summary judgment motion.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 16.)
[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

**MOTION TO TRANSFER**

Defendants move to transfer this action to the District Court for the District of Columbia in light of the pendency of *Florida EB5 Investments, LLC v. Wolf et al.*, Case 1:19-cv-03573-RJL (D.D.C. filed Nov. 26, 2019) or, alternatively, pursuant to 28 U.S.C. § 1404(a) in the interests of justice.

**A. First-to-File Rule**

The principle of federal comity refers to a court's discretion to decline jurisdiction when the same issues are already pending before another federal court. "[T]hough no precise rule has evolved, the general principle is to avoid duplicative litigation" in the interests of judicial economy and avoiding inconsistent results. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Ninth Circuit employs a "first-to-file" rule to implement the principle: district courts have discretion to transfer, stay, or dismiss an action if the same parties and issues are already at issue in a proceeding before another district court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). In determining whether to apply the rule, courts must consider the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The issues in each action "need not be identical, only substantially similar." *Id*. at 1240-41 (9th Cir. 1989).

The court's analysis "should be driven to maximize economy, consistency, and comity," and the first-to-file rule "should not be disregarded lightly." *Id*. at 1239-40 (internal quotation marks and citation omitted). That said, the rule is not a "rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Thus, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Defendants contend that this action should be transferred to the District Court for the District of Columbia in light of the earlier-filed *Florida EB5* case which is "a separate, almost identical lawsuit, preliminary injunction motion, and discovery motion" that makes identical allegations as those here against the same defendants and where the plaintiff is represented by the

same counsel as here. (Dkt. No. 18 at 5.) Plaintiff counters that transfer is not proper because the "the parties are different, the parties' underlying businesses are different, the material adverse impacts of the Rule and facts supporting the injunctive relief are different, the timing of the actions is different, and the substantive causes of action include claims not yet addressed in the D.C. case." (Dkt. No. 23 at 6:14-17.)

The Court declines to exercise its jurisdiction to transfer this action under the first-to-file rule. While there is no dispute that the District of Columbia action was filed over a year before this action, the difference in the parties—namely, the plaintiffs—satisfies the Court it should not order transfer. The plaintiffs are wholly separate and unrelated entities doing business in different states and thus impacted by the Rule change in different ways. Defendants have not identified any case, and the Court is not aware of any, where a court transferred a case under the first-to-file rule when there was no overlap in parties on one side of the "v". Defendants' reliance on *Kohn Law Group* is unpersuasive as there Kohn Law Group was a party in the California action and a party in the Mississippi action. 787 F.3d at 1239. While the Ninth Circuit stated that the parties needed to be only "substantially similar" and not identical, it so stated in the context of whether every party in each action had to be present in the other action. *Id.* at 1240 (rejecting argument that the parties were not substantially similar because one of the defendants in the Mississippi action was not a party to the California action). Further, the court reasoned that resolution of the Mississippi action would resolve the California action. Not so here. Defendants do not and cannot argue that the decision of the D.C. District Court will resolve this action.

The first-to-file rule is not a rigid mandate. It should not "be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Sound judicial administration does not warrant its application here. Accordingly, Defendants' motion to transfer under the first-to-file rule is denied.

**B. Transfer in the Interests of Justice Under Section 1404(a)**

Alternatively, Defendants seek transfer of this action under 28 U.S.C. § 1404(a). The Court has discretion to transfer a case to another district pursuant to 28 U.S.C. § 1404(a), which

3

1 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court
2 may transfer any civil action to any other district or division where it might have been brought or
3 to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To determine
4 convenience and fairness, this District commonly articulates the following relevant factors in a
5 motion to transfer venue:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties;
> (3) the convenience of the witnesses; (4) ease of access to evidence;
> (5) familiarity of each forum with applicable law; (6) feasibility of
> consolidation of other claims; (7) any local interest in the controversy;
> and (8) the relative court congestion and time to trial in each forum.

*Martin v. Global Tel\*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at \*2 (N.D. Cal. May 6, 2015) (collecting cases); *see also Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) (same). "No single factor is dispositive." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at \*2 (N.D. Cal. Oct. 10, 2008). Instead, "[w]eighing of these factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). Further, "[t]his list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin*, 2015 WL 2124379, at \*5.

"It is not enough for the defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the convenience from one party to another." *Lax v. Toyota Motor Corp.*, 65 F.Supp.3d 772, 776 (N.D. Cal. 2014); *see also Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP, 2006 WL 4568799, at \*2 (C.D. Cal. Feb. 27, 2006) (stating that the defendant "must demonstrate that the present forum will result in a clear balance of inconvenience to him or her"). Vague generalizations or conclusory declarations are insufficient to meet this burden. *See Forte Capital Partners v. Harris Cramer*, No. C07-01237 MJJ, 2007 WL 1430052, at \*2 (N.D. Cal. May 14, 2007).

Defendants argue that transfer is proper here because otherwise it would "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990). Defendants

emphasize that a substantial part of the events or omissions giving rise to Plaintiffs' APA claims occurred in the District of Columbia and local interest exists there because that is where "policies related to the EB-5 program and all other immigration issues are developed." (Dkt. No. 18 at 15.) By Defendants' reasoning nearly all APA action should be decided in the District of Columbia, but there is no such rule. Defendants also fail to address that "a plaintiff's choice of forum is afforded substantial weight." *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1048 (N.D. Cal. 2001). Typically, the Court recognizes a "strong presumption in favor of plaintiff's choice of forum." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Defendants' motion to transfer under Section 1404(a) is also denied.

## MOTION FOR PRELIMINARY INJUNCTION

As discussed at the hearing on March 25, 2021, and after giving notice to the parties, the Court converts the motion for preliminary injunction on the issue of whether the appointment of Mr. McAleenan was valid to a motion for summary judgment. *See* Fed. R. Civ. P. 65(a)(2). Defendants may file an additional submission on the de facto officer doctrine on or before April 1, 2021. Plaintiff shall file its response on the same issue by April 8, 2021. By or before April 8, 2021 Plaintiff shall file a brief addressing what remedy the Court should impose if it grants Plaintiff's motion for summary judgment on the appointment issue. Defendants' remedies brief is due April 22, 2021 and the Court will hold oral argument on May 6, 2021 at 9:00 a.m.

## CONCLUSION

For the reasons stated above, Defendants' motion to transfer is DENIED, Plaintiff's motion for preliminary injunction is converted to a summary judgment motion on the appointments issue, and the remaining preliminary injunction motion is held in abeyance pending resolution of the summary judgment motion.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: March 26, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge