BRIAN M. BOYNTON
Principal Deputy Acting Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director
JOSHUA S. PRESS
Senior Litigation Counsel
VANESSA MOLINA
Trial Attorney
    United States Department of Justice
    Civil Division
    Office of Immigration Litigation
    District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Tel.: (202) 532-4413
    Fax: (202) 305-7000
    Email: vanessa.molina@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHRING REGIONAL CENTER LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, *et al.*,<br>        Defendants. | Case No. 3:20-cv-09263-JSC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

**INTRODUCTION**

The Court should deny Plaintiff's request to relate its currently pending case, *Behring Reg'l Ctr LLC v. Mayorkas*, No. 3:22-cv-01049-AGT (filed on Feb. 19, 2022), with this closed case, *Behring Reg'l Ctr. LLC v. Wolf*, 544 F. Supp. 3d 937 (N.D. Cal. 2021) (filed on Dec. 21, 2020), *appeal dismissed sub nom. Behring Reg'l Ctr. LLC v. Mayorkas*, No. 21-16421, 2022 WL

DEFENDANTS' OPPOSITION TO
MOTION TO RELATE CASES
*Behring Regional Center LLC. v. Mayorkas, et al.*,
Case No. 3:22-cv-01049-AGT

0

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4413
FACSIMILE: (202) 305-7000

602883 (9th Cir. Jan. 7, 2022). While the cases may have the same named plaintiff and some of the same federal defendants, they do not involve the same transactions, events, or legal issues. Moreover, the cases cannot present an unduly burdensome duplication of labor or expense, or the possibility of conflicting results, especially since the Ninth Circuit issued its mandate in this closed matter on January 10, 2022. Dkt. No. 56. Further, Plaintiff fails to cite any legal authority whatsoever for its request to relate the cases. Accordingly, the Court should deny Plaintiff's administrative motion in its entirety.

## ARGUMENT

Local Rule 3-12(a) sets forth two factors necessary for cases to be related: (1) whether the actions concern substantially the same parties, property, transaction, or event, and (2) whether it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. *See Asus Comput. Intl. v. Interdigital, Inc.*, No. 15-cv-01716-BLF, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015). The currently pending case fails to satisfy either factor because it arises from entirely different events, involves different legal claims, and there is no risk of either duplication of labor or conflicting results.

In this now-closed case, Behring challenged the United States Department of Homeland Security's ("DHS") promulgation of the EB-5 Immigrant Investor Program Modernization Rule published in the *Federal Register* on July 24, 2019. *See* EB-5 Immigrant Investor Program Modernization, 84 Fed. Reg. 35,750, 35,751-72 (July 24, 2019). Behring alleged that the "Trump Administration ha[d] unlawfully appointed individuals to 'acting' positions at the Agency" under the Homeland Security Act ("HSA") and Federal Vacancies Reform Act ("FVRA"). *See* Dkt. No. 1 at 16, ¶ 68. Behring claimed that the Modernization Rule was thus invalid because it was signed by former Acting Secretary of Homeland Security Kevin McAleenan, in violation of the FVRA. Thus, this case turned on the analysis of the FVRA and did not involve any allegations related to DHS's statutory authority to administer the EB-5 Regional Center Program. *See* Dkt. No. 56.

DEFENDANTS' OPPOSITION TO
MOTION TO RELATE CASES
*Behring Regional Center LLC. v. Mayorkas, et al.*,
Case No. 3:22-cv-01049-AGT

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4413
FACSIMILE: (202) 305-7000

Plaintiff frames the issue in the currently pending case as whether the Regional Center Program is operational because only section 610(b) of Pub. L. No. 102-395, § 610 (Oct. 6, 1992) expired on July 1, 2021. Plaintiff argues that "The plain language of the Act distinguishes the establishment of the Regional Center Program in Section 610(a) and the visa set-aside provisions in Section 610(b)." *Behring*, No. 3:22-cv-01049-AGT, Dkt. No. 1 at 13 (N.D. Cal. Feb. 19, 2022). Plaintiff requests an order from this Court declaring that the June 2021 expiration of Section 610(b) has no effect on Section 610(a). *Id*. Thus, the analysis here, unlike in Behring's first lawsuit, will turn largely on the significance of the Immigration Nationality Act's ("INA") text, legislative history, and Section 610 of the *Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act*, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended ("the Regional Center statute"); Div. O, Title I, Sec. 104 of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260 (2020*). Id*. at 14. Because the two cases depend upon the statutory interpretation of two entirely separate and distinct statutes (that is, the FVRA and the INA), the cases do not present similar issues requiring them to be related.

### I. The actions do not concern substantially the same parties, transactions or events

At the threshold, the cases cannot be related because this earlier case is closed and the Ninth Circuit has issued its mandate. Dkt. No. 56. Courts in this district have declined to relate cases when one case has been closed. *See, e.g.*, *Lockwood v. Lopez,* No. C-87-20770 RPA, 1996 WL 162957, at *1 (N.D. Cal. Apr. 3, 1996) ("The Court finds no authority supporting the proposition that a case that has been settled and closed may be related to a pending case."); *Carlyle Fortran Tr. v. NVIDIA Corp.*, No. C 05-00427 JW, 2008 WL 4717467 (N.D. Cal. Oct. 24, 2008) (declining to relate an active case with an inactive case). For this reason alone, the Court may deny Plaintiff's motion.

Even if the Court were to find that an active case could be related to a closed case, Plaintiff cannot show that the actions concern substantially the same parties, transaction, or event. First,

DEFENDANTS' OPPOSITION TO
MOTION TO RELATE CASES
*Behring Regional Center LLC. v. Mayorkas, et al.*,
Case No. 3:22-cv-01049-AGT

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4413
FACSIMILE: (202) 305-7000

the defendants are not all the same. DHS was the sole defendant in this closed case. In contrast, the United States Department of State is a defendant in the currently pending action. *Behring*, No. 3:22-cv-01049-AGT, Dkt. No 1. Second, the cases do not concern the same transaction or event. This now closed Behring case concerned a challenge to the rulemaking process that spanned from 2017 through 2019 and the validity of the Final Rule under the appointments clause of the FVRA and succession order under the HSA. As Plaintiff explains, the issue contested in the currently pending case relates to the plain meaning of the Regional Center statute. *Id*. Dkt No. 17 at 3-4. Consequently, the cases require an entirely different analysis. *Cf. Sorensen v. Lexar Media, Inc.*, No. C 08-00095 JW, 2008 WL 11344635 (N.D. Cal. July 25, 2008) (declining to relate cases where the Court would be required to engage in different analysis).

Indeed, the event that serves as the basis for Plaintiff's claim in the currently pending case is one that transpired *after* the earlier case was decided. That is, the cause of action in the currently pending case could not have been brought in the earlier case because up to the time of the decision on June 22, 2021, Dkt. No. 51, the Regional Center Program had not yet expired (June 30, 2021). *See Hill v. Goodfellow Top Grade*, No. 18-CV-01474-HSG, 2019 WL 2716487, at *1 (N.D. Cal. June 28, 2019) (declining to relate cases when they concern different events). Although Plaintiff failed to include these comparisons in its motion, a simple review of the complaints in each case would reveal that the cases concern substantially different parties, events, causes of action, and legal issues. Thus, the two cases fail to satisfy the factors necessary to be related under Local Rule 3-12.

## II. There will be no unduly burdensome duplication of labor or expense, nor any conflicting results, if the cases are before different judges

Plaintiff does not, and cannot, argue that there is a risk of conflicting results if the cases are before different judges.[1] This case has been decided and the ruling is part of the public

---

[1] As of the time of this filing, the parties have not consented or declined magistrate judge jurisdiction in the currently pending case.

3

DEFENDANTS' OPPOSITION TO
MOTION TO RELATE CASES
*Behring Regional Center LLC. v. Mayorkas, et al.*,
Case No. 3:22-cv-01049-AGT

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4413
FACSIMILE: (202) 305-7000

record.[2] Even if the issues were similar, the court in the currently pending case has access to the public records from this closed case; therefore, there is no likelihood that the cases will result in conflicting results if they are assigned to different judges. *See Storrer v. Paul Revere Life Ins.*, No. C97-04014 MJJ, 2008 WL 667402 at *1, (N.D. Cal. Mar. 6, 2008) (explaining how if a case has been entirely resolved, this "cuts against" a finding of duplication of labor or conflicting results.). Rather, Plaintiff argues that there was "substantial briefing and argument presented to the Court concerning the overall history and structure" of the EB-5 program. Dkt. No 57 at 3. At best, that is an overstatement.

The focus of this Court in the now closed case was the FVRA, thus the history and structure of the EB-5 program was in the background on the ultimate legal question decided by the Court. *Behring*, 544 F. Supp. 3d 937 (N.D. Cal. 2021). This Court did not even reach the merits concerning the EB-5 regulation because it converted the motion for a preliminary injunction to a motion for summary judgment on the appointments clause and held the rest of the case in abeyance pending the resolution on the appointments issue. *See* Dkt. No. 32 at 1. The briefing in the case consists of a motion requesting a preliminary injunction and an opposition. Dkt. Nos. 10, 22. Indeed, because this closed case turned on a finding on whether the challenged regulation was promulgated by a defendant who was purported appointed in contravention of the FVRA, the additional briefing focused on the FVRA and remedies—not the EB-5 program. Dkt. No. 34 (notice of ratification and effect under the FVRA); Dkt No. 35 (briefing on *de facto* officer doctrine); Dkt. No. 39 (briefing on remedy under FVRA). As Defendants explained in their motion for a stay in the currently pending case, the legal questions will turn largely on the significance of the INA's text and the legislative history of the Regional Center statute. *Behring*, No. 3:22-cv-01049-AGT, Dkt. No. 14. Thus, the two issues in the two cases are not related. To the extent that Plaintiff relies on the parties having already "briefed the legal standards and issues relating to agency actions under the APA," *id*. Dkt. No. 17 at 3, that can hardly be a basis to support the relation of cases because the APA sets forth the scope of review, including the

---

[2] The Court may take judicial notice of the record in the earlier case. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, briefs, and transcripts, among other filings).

DEFENDANTS' OPPOSITION TO
MOTION TO RELATE CASES
*Behring Regional Center LLC. v. Mayorkas, et al.*,
Case No. 3:22-cv-01049-AGT

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4413
FACSIMILE: (202) 305-7000

definition of agency action. 5 U.S.C. §§ 702 and 706. Plaintiff also claims that the court's "familiarity with the parties and counsel," weighs in favor of relating the cases, *id*. at 3-4, but fails to provide any authority for the proposition that counsel having appeared before one judge supports the transfer of subsequent cases on different legal issues to that same judge. *Id*.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's administrative motion to relate the two cases.

DATED: March 9, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

JOSHUA S. PRESS
Senior Litigation Counsel

*/s/ Vanessa Molina*
VANESSA MOLINA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4413
Vanessa.molina@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' OPPOSITION TO
MOTION TO RELATE CASES
*Behring Regional Center LLC. v. Mayorkas, et al.*,
Case No. 3:22-cv-01049-AGT

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4413
FACSIMILE: (202) 305-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the U.S. District Court for the Northern District of California's Electronic Document Filing System (ECF), which will serve a copy of this document upon all counsel of record.

By: */s/ Vanessa Molina*
VANESSA MOLINA
Trial Attorney
United States Department of Justice
Civil Division

DEFENDANTS' OPPOSITION TO MOTION TO RELATE CASES
*Behring Regional Center LLC. v. Mayorkas, et al.*,
Case No. 3:22-cv-01049-AGT

6

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4413
FACSIMILE: (202) 305-7000